IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL HUGHEY, on behalf of himself and all similarly situated individuals<br><br>Plaintiff,<br>v.<br><br>FIRST COMMUNITIES MANAGEMENT, INC.,<br><br>Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE CERTIFICATION SOUGHT |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Michael Hughey (hereinafter "Plaintiff"), on behalf of himself and all similarly situated individuals, and files this lawsuit against Defendant First Communities Management, Inc. (hereinafter "Defendant"), and shows the following:

### **I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant First Communities Management, Inc., is a Georgia Corporation, and has a principal place of business at 1200 Lake Hearn Drive, Suite 200, Atlanta, Georgia, 30319. The unlawful employment practices described herein occurred at 2105 Nessa Valley Way, Austell, Georgia, 30106. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked as a Maintenance Technician for the Defendant from August 2009 to February 2012.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. COLLECTIVE ACTION ALLEGATIONS

14.

Plaintiff brings Count I of this Complaint on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or have been employed by Defendant as "Maintenance Technicians" at any one of its locations nationwide during the last three years, and whose primary job duties involve manual labor akin to the work performed by a "handyman" (i.e. touch-up painting, maintaining and repairing appliances, minor electrical and plumbing work, etc.) (hereinafter "the Collective Class").

15.

During the relevant time period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for all overtime hours worked while performing the duties of a Maintenance Technician.

16.

Defendant was aware that the Plaintiff and the Collective Class were working more than forty (40) hours in a workweek.

17.

Plaintiff and the Collective Class were required to clock in and clock out of Defendant's time management system. When Plaintiff and the Collective Class worked more than forty (40) hours in a workweek, the managers, pursuant to a company-wide practice, adjusted their work hours to reflect forty (40) hours only.

18.

On some occasions, Defendant expressly required Plaintiff and the Collective Class to come in early and stay late. On these occasions, Defendant gave Plaintiff and the Collective Class compensatory time to compensate them for their overtime hours, rather than pay them time and a half.

19.

Plaintiff repeatedly complained about Defendant's failure to pay overtime for all hours worked over forty (40) hours in a workweek. Specifically, Plaintiff complained about the lack of overtime to his immediate manager, Ms. Candice Haynie, and the regional manager, Ms. Dorene Arnette. Both Ms. Haynie and Ms. Arnette stated that Defendant does not pay overtime.

20.

Although Plaintiff and the Collective Class were scheduled to work set hours, they were expected to come in early and stay late on numerous occasions.

21.

Plaintiff and the Collective Class were automatically deducted one hour from their pay for lunch every day even though Plaintiff and the Collective Class were required to be on-call during the lunch break and were often called upon to work during the lunch break.

22.

Plaintiff and the Collective Class were required to be on-call 24 hours a day, 7 days a week, every other workweek. When on-call, Plaintiff and the Collective Class were required to respond to emergency calls within one hour.

23.

Thus, when on-call, Plaintiff remained close to the workplace, did not drink, and rarely engaged in any social activities, especially those activities that might interfere with his obligation to report to the workplace within one hour of receiving an emergency call.

24.

During the workweeks when Plaintiff was required to be on-call, he was called to the workplace on average four times a week. On some occasions, Plaintiff was called to the workplace multiple times in one day.

25.

Maintenance Technicians are entitled to overtime pay for their hours over forty (40). Defendant's practices violate the provisions of FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## V.  Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

26.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

27.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff and the Collective Class worked in excess of forty (40) hours per workweek.

28.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

29.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per workweek without overtime compensation.

30.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

31.

Defendant knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

32.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(E) Grant leave to add state law claims if necessary; and

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 1ˢᵗ day of May, 2012.

**BARRETT & FARAHANY, LLP**

s/Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Michael Hughey

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile