IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL HUGHEY, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FIRST COMMUNITIES MANAGEMENT, INC., <br><br> Defendant. | Civil Action No. <br><br> 1:12-cv-01519-RWS |

### JOINT MOTION TO APPROVE SETTLEMENT OF COLLECTIVE ACTION AND FOR ORDER OF DISMISSAL WITH PREJUDICE AND BRIEF IN SUPPORT

Plaintiff Michael Hughey ("Plaintiff") and Defendant First Communities Management, Inc., ("Defendant") (collectively, the "Parties"), through their undersigned counsel, hereby submit this Joint Motion to Approve Settlement of Collective Action and For Order of Dismissal.

### I.   FACTUAL BACKGROUND

Plaintiff initiated the above-captioned matter on May 01, 2012, alleging that he and other individuals employed by Defendant as Maintenance Technicians were not paid all of the wages owed to them

1

pursuant to the Fair Labor Standards Act ("FLSA"). (*See* Complaint, Dkt. #1). The parties jointly moved the court for conditional certification of the class, and on December 5, 2012, the Court certified the class. Since that time, the parties sent notice and an opportunity for putative class members to join the lawsuit. The notice period has expired, and counsel for the parties have reached a settlement for the members of the opt-in class.

Defendant denies that it owes any unpaid wages to Plaintiff or any other opt-in member and denies any violation of the FLSA or any other law or regulation, including but not limited to, relating to the payment of wages, and maintains that it has, at all times, properly compensated Plaintiff and not acted unlawfully towards Plaintiff in any manner. Nevertheless, the Parties, acting at arms-length and in good faith and with the advice of counsel, reached a tentative agreement to settle the litigation, which includes compromised amounts resolving Plaintiff's claims against Defendant.

## II. ARGUMENT

### A. Approval Of The Terms Of The Settlement Agreement

The Eleventh Circuit, as well as the FLSA, requires that the Court approve a private settlement of an overtime or minimum wage claim arising under the FLSA. *See Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350, 1353 (11th Cir. 1982) (district court allowed to approve back wage settlement in order to promote the policy of encouraging settlement of litigation). When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the

3

probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994)); *see also Tam Su v. Elec. Arts, Inc.*, No. 6:05-cv-131-Orl-28JGG, 2007 U.S. Dist. LEXIS 72961, at *8-9 (M.D. Fla. Aug. 29, 2007); *Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 U.S. Dist. LEXIS 16477 (S.D. Cal. March 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 U.S. Dist. LEXIS 16135, at *7 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 U.S. Dist. LEXIS 16135, at *7 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

### B. The Settlement Is Fair, Just And Reasonable

In the instant case, the proposed settlement is fair, just and reasonable. After the notice period, 105 opt-ins joined the class. Each of these putative class members alleged that they worked overtime, anywhere from 2-16

hours per month, while on call and responding to emergency calls. The parties reached a negotiated settlement, which equates to approximately eight (8) overtime hours per opt-in employee, and will be paid as four (4) overtime hours and pay for four (4) hours liquidated damages. The total settlement for the class is three hundred thousand dollars ($300,000.00) and will be disbursed as follows:

    1)    Each opt-in will receive a percentage of the settlement fund, based on the number of days worked for the company. The opt-in will receive a notice of settlement form that will provide the opt-in with the amount of the opt-in's settlement, and the opt-in's right to opt-in to the settlement. Upon opting in to the settlement, the opt-in will receive a check for his portion of the settlement fund and will have his FLSA claims dismissed with prejudice against the company and shall release through the date of approval of this settlement all claims for unpaid wages that were or could have been asserted in this matter for employment with First Communities. In no circumstances, however, will payment be delayed more than forty (40) days after the Court approval of the settlement.

    2)    The dismissal and release shall act as a release of all claims for unpaid wages that were or could have been asserted in this matter for employment with First Communities and its subsidiaries, affiliates, affiliated

payroll entities, business units, members, owners, shareholders, and their predecessors and successors, officers, directors, agents, attorneys, property owners, employees and assigns ("Released Parties"), including, without limitation, all state and federal claims for wages, damages, penalties, interest, and liquidated damages, any claims under ERISA deriving from these released claims, as well as all claims for attorneys' fees, costs and expenses which relate to their current or former employment with First Communities.  Upon final approval and payment of attorneys' fees and costs as required herein, Plaintiffs' attorneys shall release the Released Parties from all attorneys' fees, costs and expenses and any other claims.

    3)    The named Plaintiff, Michael Hughey, will be entitled to payment of Twenty Thousand Dollars ($20,000.00) as resolution of his claims.

    4) The settlement fund is a claims-made reversionary common fund.  Any portion of the fund not distributed shall revert to First Communities.  In addition, after the expiration of 180 days following issuance of payments to the Opt-in Plaintiffs, any check not cashed shall become a part of the reversion to First Communities.  Each Class Member shall be separately responsible for his/her own taxes (i.e. State and Federal taxes).

5)  Attorneys' fees and costs will be distributed to Barrett & Farahany, LLP in the amount of One Hundred Eleven Thousand Nine Hundred Fifty-Six Dollars ($111,114.50) within ten days of Court approval of the settlement.

6)  Up to an additional $10,000 will be paid directly to the claims administrator, RG2 Claims, for the processing of the administration of notice of the claims and notice of the settlement.  But under no circumstances shall First Communities be liable for more than the $300,000 Settlement Fund and the potential additional $10,000 for the claims administrator.

The settlement was reached after the voluntary exchange of information between the Parties and a series of settlement negotiations that lasted several months.  This case presented many contested issues that required research, investigation and factual development.  The matter was certainly contested, leading to counsel for both Parties to ardently negotiate their positions.  In the end, experienced counsel on both sides of this matter deemed the settlement fair and reasonable.  *See Fresco v. Auto Data Direct, Inc.*, 2007 U.S. Dist. LEXIS 37863, at **17-18 (S.D. Fla. May 11, 2007) (finding the support of experienced counsel for settlement "weighs strongly in favor of approval").

Second, questions of fact and law exist that place the ultimate outcome of the litigation in doubt. As an initial matter, there is a significant dispute as to whether the Plaintiffs were appropriately compensated for all of the hours that they spent working for Defendant. Plaintiffs allege that they were not properly compensated for hours worked over forty per week because they were on call and required to respond to emergency calls, but Defendant denies this allegation and contends that Plaintiffs were properly compensated for all hours that were worked over forty. Also, issues exist regarding how much work, including overtime work, Plaintiffs actually performed. Therefore, proof of Plaintiffs' claims could only have been accomplished, if at all, through further, extensive and costly discovery for all Parties, including deposing many current and former employees of Defendant, successfully overcoming dispositive motions filed by Defendant, and then trial of this action.

Third, the Parties agree that the settlement is fair and reasonable. This is a significant factor weighing in favor of the Court's approval of the settlement. *See In re Bankamerica Corp. Sec. Litig.*, 210 F.R.D. 694, 701 (E.D. Mo. 2002) ("As courts have recognized, when considering settlement agreements they should consider the vagaries of litigation and compare the significance of immediate recovery by the way of compromise to the mere

probability of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of the prospective flock in the bush."). Here, the Parties negotiated a fair and reasonable settlement amount for Plaintiffs. The Parties' agreement that the settlement is fair and reasonable weighs in favor of Court approval of the settlement.

### C. Payment For Attorneys' Fees And Costs Are Reasonable

Under the FLSA, plaintiffs may recover attorneys' fees and expenses under the statute's fee-shifting provision. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In addition to being entitled to reasonable attorneys' fees, the FLSA provides for the reimbursement of costs. See 29 U.S.C. § 216(b). The Parties agree that Plaintiffs' counsel's proposed attorneys' fees and costs payments set forth herein are fair and reasonable based on the time, expenses and effort that Plaintiffs' counsel has expended on this case since its inception, including, but not limited to, investigative work, meetings with Plaintiffs, preparing initial pleadings and conferences, conditional certification, managing the putative class, settlement negotiations and preparation and finalizing the approval. In

addition, Plaintiffs' counsel will continue to be required to expend additional time and resources to manage the settlement process, and the questions that invariably arise from the class regarding both the settlement and the taxation of the proceeds. Finally, the named Plaintiff has reviewed and approved the payment of attorneys' fees and expenses as stated therein and agrees that they are reasonable.

### III. CONCLUSION

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an Order approving the Parties' Settlement, enter an Order authorizing notice of settlement and disbursement of the settlement proceeds as discussed herein, dismissing the lawsuit with prejudice, and retaining jurisdiction over this matter to enforce the terms of the Parties' Settlement until all payments set forth in the Settlement have been made. For the Court's convenience, a proposed order approving this settlement and dismissal of this matter with prejudice is attached hereto as Exhibit A.

Respectfully submitted this 20th day of March, 2013.

s/Amanda A. Farahany___  
Amanda A. Farahany  
Georgia Bar No. 646135

**BARRETT & FARAHANY, LLP**
1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120

s/ John O' Shea Sullivan  
John O'Shea Sullivan  
Georgia Bar No. 691305

**BURR & FORMAN, LLP**
171 Seventeenth Street, NW
Suite 1100
Atlanta, GA 30363
(404) 815-3000
(404) 214-7924 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL HUGHEY, | ) | |
| | ) | Civil Action No. |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12-cv-01519-RWS |
| | ) | |
| FIRST COMMUNITIES | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
|   Defendant. | ) | |
| | ) | |
| _____- | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the Joint Motion to Approve Settlement of Collective Action with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>John O'Shea Sullivan
>Burr Forman LLP
>171 Sevententh Street, NW
>Suite 1100
>Atlanta, GA  30363

This 20th day of March, 2013.

>s/Amanda A. Farahany\_\_\_
>Amanda A. Farahany
>Georgia Bar No. 646135